# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERT HOLLINS,               ) | 1:09-cv-112 OWW GSA |
|                                ) | |
|     Plaintiff,         ) | ORDER GRANTING PLAINTIFF'S MOTION |
|                                ) | TO PROCEED IN FORMA PAUPERIS |
|   v.                    ) | |
|                                ) | FINDINGS AND RECOMMENDATION |
| PACIFIC GAS & ELECTRIC COMPANY, ) | REGARDING DISMISSAL OF ACTION |
|                                ) | |
|                                ) | (Document 2) |
|     Defendant.        ) | |

## I.

### MOTION TO PROCEED IN FORMA PAUPERIS

By application filed January 20, 2009, Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff has submitted a declaration that makes the showing required by § 1915 (a). Accordingly, the request to proceed in forma pauperis IS GRANTED. 28 U.S.C. § 1915 (a).

## II.

### SCREENING THE COMPLAINT

**A.   Introduction**

Plaintiff Gilbert Hollins ("Plaintiff"), appearing pro se and proceeding in forma pauperis, filed the instant complaint on January 20, 2009. In the complaint, Plaintiff alleges that Pacific Gas & Electric Company ("Defendant") willfully violated Plaintiff's "civil rights and civil liberty for seven months" and caused unspecified personal injury by failing to provide electric and gas utility services to Plaintiff at 2852 Calimyrna Avenue in Clovis, California. Plaintiff complains Defendant's refusal is improper because he is a third-party and therefore is not

responsible for unpaid utilities previously provided to another at that property. Plaintiff seeks monetary relief in the total sum of $7,640,000, and further seeks an order of this court directing Defendant to provide utility services. Upon a review of the complaint, this court recommends that the action be dismissed without leave to amend.

**B.     Discussion**

       1.     <u>Screening Standard</u>

In cases where plaintiff is proceeding in forma pauperis, the court must conduct an initial review of the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question (Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976)), construe the pro se pleadings liberally in the light most favorable to the Plaintiff (Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000)), and resolve all doubts in the Plaintiff's favor (Jenkins v. McKeithen, 395 U.S. 411, 421 (1969)).

Federal Rules of Civil Procedure, rule 8(a) provides:

> A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds for jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

As stated above, a complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which the Defendant engaged in that support

Plaintiff's claim. Id. Although a complaint need not outline all elements of a claim, it must be possible to infer from the allegations that all elements exist and that there is entitlement to relief under some viable legal theory. Lewis v. ACB Business Service, Inc., 135 F.3d 389, 405-06 (6th Cir. 1998). "A trial court may dismiss a claim sua sponte under Fed.R.Civ.P. 12(b)(6). . . . Such dismissal may be made without notice where the claimant cannot possibly win relief." Omar v. Sea-Land Service, Inc., 813 F.2d 986, 991 (9th Cir. 1987); see Wong v. Bell, 642 F.2d 359, 361-362 (9th Cir. 1981). Sua sponte dismissal may be made before process is served on Defendants. Neitzke v. Williams, 490 U.S. 319, 324 (1989) (dismissals under 28 U.S.C. § 1915(d) are often made sua sponte); Franklin v. Murphy, 745 F.2d 1221, 1226 (9th Cir. 1984) (court may dismiss frivolous in forma pauperis action sua sponte prior to service of process on Defendants).

If a Plaintiff proceeds in forma pauperis, the court shall dismiss a case at any time if the court determines it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See, 28 U.S.C. § 1915(e); 2 Schwarzer, Tashima & Wagstaffe, California Practice Guide: Federal Civil Procedure Before Trial (2006) Attacking the Pleadings, ¶ 9:226.1, at 9-69. A claim is legally frivolous when it lacks an arguable basis either in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d at 1228. A federal court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke v. Williams, 490 U.S. at 327.

    2.  Plaintiffs' Allegations

Plaintiff contacted Defendant on September 22, 2008, regarding utility services for a residence located at 2852 Calimyrna Avenue in Clovis. Plaintiff provided Defendant with documentation indicating that he resided at that address, yet Defendant refused to initiate utility services due to an outstanding utility bill of approximately $5,000 related to services previously provided at that location. Plaintiff indicated to Defendant that the outstanding bill was not his, and that Defendant's own guidelines provide that a third party will be "in no way obligated to pay the bill, and an applicant for residential service will not denied service . . .."

Plaintiff alleges that Defendant willfully and knowingly violated Plaintiff's "civil rights, and civil liberty for seven months," and "caused great harm upon" he and his minor daughter and businesses. More particularly, Plaintiff claims Defendant's actions made it "impossible" to operate his numerous businesses. He claims he is entitled to lost compensation in the sum of $2,640,000, and an additional $5,000,000 for pain and suffering. Plaintiff also requests that the court order that Defendant provide gas and electric utility services.

### 3. Analysis of Plaintiff's Claims

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.
> 42 U.S.C. § 1983.

Thus, to state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).

Moreover, section 1983 requires that there be an actual connection or link between the actions of defendant and the deprivation allegedly suffered. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit Court of Appeals has held that "a person 'subjects' another to deprivation of constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Plaintiff's complaint fails to satisfy the linking requirement as to Defendant and to articulate how Defendant deprived Plaintiff of constitutional rights and resulting harm.

As preliminary matter, other than stating that Defendant violated his constitutional rights, Plaintiff has failed to state with specificity which constitutional rights Defendant has violated. A pleading may not simply allege a wrong has been committed and demand relief. The underlying requirement is that a pleading give "fair notice" of the claim being asserted and the "grounds upon

1  which it rests." Conley v. Gibson, 355 U.S. 41, 47-48 (1957); Yamaguchi v. United States
2  Department of Air Force, 109 F.3d 1475, 1481 (9th Cir. 1997). Plaintiff's vague references to his
3  "civil rights, and civil liberty" fails to state a specific constitutional right.
4      Moreover, even if a constitutional right was clearly articulated, Plaintiff's claim is not
5  cognizable. Although Defendant may have denied utility services to the residence located at 2852
6  Calimyrna Avenue in Clovis, California, it was not acting under color of state law at the time of
7  its actions. "Like the state-action requirement of the Fourteenth Amendment, the
8  under-color-of-state-law element of § 1983 excludes from its reach '"merely private conduct, no
9  matter how discriminatory or wrongful,'" Blum v. Yaretsky, 457 U.S. 991, 1002 [] (1982)
10 (quoting Shelley v. Kraemer, 334 U.S. 1, 13 [] (1948)." American Mfrs. Mut. Ins. Co. v.
11 Sullivan, 526 U.S. 40, 49-50.) Moreover, the fact that PG & E is a public utility subject to
12 extensive state regulation is insufficient on its own to "infuse its conduct with state action."
13 Mathis v. Pacific Gas and Elec. Co., 891 F.2d 1429, 1431 (9th Cir. 1989), citing Jackson v.
14 Metropolitan Edison Co., 419 U.S. 345 (1974) (["The district court's ruling that the complaint
15 raised no substantial claim of state action was correct. Indeed, plaintiffs scarcely argue the point
16 on appeal. Their claim of state action is essentially confined to allegations that PG & E is a public
17 utility subject to extensive state regulation. That fact, without more, is insufficient to infuse its
18 conduct with state action"). As such, Defendant did not act under color of state law and
19 Plaintiff's complaint fails state a claim under 42 U.S.C. § 1983. Therefore, the complaint should
20 be dismissed without leave to amend.
21     Additionally, even if the state actor requirement of § 1983 could be met, the exhibits
22 appended to Plaintiff's complaint contradict Plaintiff's allegations. Plaintiff alleges that he is not
23 responsible for the unpaid utility bills of third parties, yet a number of the exhibits provided by
24 Plaintiff reveal that he may have been a resident at 2852 Calimyrna for a number of years:
25     1.   Exhibit 1 is a copy of a Residential Lease With Option To Purchase executed on or
26          about August 19, 2008, between Plaintiff and Denise Hollins;
27     2.   Exhibit 3 is a true and correct copy of the Articles of Incorporation, filed December
28          4, 2007, with the California Secretary of State, wherein it is stated that the "Hollins

    Family Supervised Visits" corporation's agent for service of process is Plaintiff at "2852 Calimyrna Ave" in Clovis. The Article were signed by "CEO/Incorporator" Denise Hollins;

3.  Exhibit 4[1] is a copy of correspondence of the Internal Revenue Service dated June 23, 2008, and directed to the "Hollins Family Supervised Visits c/o Denise Hollins" at the Calimyrna address;

4.  Exhibit 5 appears to be a document granting license to "Golden State Family Services" to provide foster care services. The home providers are identified as "Denise & Gilbert Sr. Hollins" and the home address is "2852 Calimyrna."

5.  Exhibit 6 is a California Department of Social Services document granting Denise and Gilbert Hollins a license to operate a family day care service at "2852 Calimyrna," with an effective date of November 2, 2006.

The exhibits suggest that Plaintiff may have been a resident at 2852 Calimyrna when the outstanding utility bills were incurred.

  Given these deficiencies, the court will recommend that the case be dismissed without leave to amend.

## III.

## RECOMMENDATION

  Accordingly, the court HEREBY RECOMMENDS that this action be DISMISSED WITHOUT LEAVE TO AMEND.

  These findings and recommendations will be submitted to the Honorable Oliver W. Wanger pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified

---

[1] Plaintiff has labeled more than one exhibit as "Exhibit 3." Exhibit 3 however is a document certified true and correct by the California Secretary of State for a single page following the certification: the Articles of Incorporation only. Thus, for ease of identification, the exhibits have been renumbered after Exhibit 3.

time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 5, 2009**                              **/s/ Gary S. Austin**
                                                      UNITED STATES MAGISTRATE JUDGE